UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LIAM ALEXANDER,

                Plaintiff,

-against-

KERVIN BRAVO; WENDY ISRAEL;
ANNETTE ACAIDIA,

                Defendants.

23-CV-3373 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Sean Finnegan ("Finnegan") is barred from proceeding *in forma pauperis* ("IFP") in this court. *See Finnegan v. Dist. of Columbia Sup. Ct.*, ECF 1:21-CV-10946, 6 (S.D.N.Y. Feb. 7, 2022). Finnegan filed this action in the name of Liam Alexander ("Alexander") and signed an IFP application listing Alexander as the plaintiff. As set forth below, the Court dismisses this action under the bar order issued in 21-CV-10946 (the "Finnegan bar order").

## DISCUSSION

    This is at least the eighth action Finnegan has filed in this district in Alexander's name.[1] On July 18, 2022, in *Alexander v. NYPD*, No. 22-CV-4610 (LTS), the Court issued an order finding that Finnegan, in an apparent attempt to avoid the Finnegan bar order, brought that action

---

[1] *See, e.g., Alexander v. Israel*, No. 23-CV-1798 (LTS) (S.D.N.Y. Mar. 2, 2023) (dismissed under the Finnegan bar order); *Alexander v. IRS*, No. 23-CV-1245 (LTS) (S.D.N.Y. Feb. 21, 2023) (dismissed under the Finnegan bar order); *Alexander v. BRC*, No. 23-CV-0218 (LTS) (S.D.N.Y. Jan. 13, 2023) (dismissed under the Finnegan bar order); *Alexander v. N.Y.C. Dep't of Prob.*, No. 23-CV-1246 (LTS) (S.D.N.Y. Dec. 21, 2022) (dismissed under the Finnegan bar order); *Alexander v. Dep't of Homeless Servs.*, No. 22-CV-10160 (LTS) (S.D.N.Y. Dec. 9, 2022) (dismissed after Finnegan failed to respond to order finding he was bringing claims under Alexander's name); *Alexander v. Dep't of Homeless Servs.*, No. 22-CV-10187 (LTS) (S.D.N.Y. Dec. 6, 2022) (dismissed as duplicative of the case under docket number 22-CV-10160 (LTS)); *Alexander v. NYPD*, No. 22-CV-4610 (LTS) (S.D.N.Y. Aug. 24, 2022) (dismissed after Finnegan failed to respond to order to show cause).

in Alexander's name and directed Finnegan to show cause, within 30 days, why the action should not be dismissed under the Finnegan bar order. On August 24, 2022, the Court dismissed that action without prejudice because Finnegan had not responded.[2] ECF 1:22-CV-4610, 5.

In *Alexander v. Dep't of Homeless Servs.*, ECF 1:22-CV-10160, 3 (S.D.N.Y. Dec. 9, 2022), after finding that Finnegan brought the action in Alexander's name,[3] the Court provided Finnegan 14 days to challenge the Court's conclusion that he brought that action. Finnegan did not respond to that order.

Here, it appears that Finnegan has again filed an action in Alexander's name. Accordingly, the Court dismisses the action under the Finnegan bar order.

## CONCLUSION

The Court concludes that Sean Finnegan, who is barred from bringing a new action IFP without leave of Court, has brought this action in the name of Liam Alexander, and has sought leave to proceed IFP in Alexander's name. Because Finnegan did not comply with the prefiling injunction, the Court dismisses this action without prejudice under the Finnegan bar order. *Finnegan*, ECF 1:21-CV-10946, 6.

---

[2] On August 2, 2022, the order was returned to the court as undeliverable. On August 30, 2022, the court received two motions in Alexander's name, a motion for a 60-day extension of time to comply with the July 18, 2022, order, and a motion to compel the New York City Police Department to return plaintiff's property and to provide the court with a copy of plaintiff's identification. That same day, the Court denied the motions, noting that the action was dismissed without prejudice to Alexander filing a new action with information indicating that the action was actually being filed by an individual whose legal name is Liam Alexander rather than Finnegan. ECF 1:22-CV-4610, 9. That order was also returned as undeliverable.

[3] In *Alexander*, 1:22-CV-10160, the Court compared addresses, handwriting, and claims to determine that Finnegan filed the action, not Alexander.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   April 25, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge